

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD MANN**

~~JOHN XXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. O-4833
Re: Under the facts submitted
are the County Commissioners
of Hopkins County free to
spend over and above their
budget allotment, the amount
which they have earned in ex-
cess of the amount it was
anticipated that they would
earn?

Your letter of September 9, 1942, requesting the
opinion of this department on the above stated question reads
as follows:

"I am in immediate need of an opinion as
to the limitation of expenditures under the
uniform budget law. One of our road and bridge
precincts has exceeded its authorized expendi-
tures by more than $3000.00. However the com-
missioner of this precinct has earned over
$1200.00 with his equipment and it was anti-
cipated that he would earn approximately
$2000.00. Another one of the commissioners
has $2267.40 left in his budget and has earned
with his equipment $12271.89, in comparison
with a budget estimate that he would earn ap-
proximately $2000.00. The question which I
would like to ask you is this: Are these com-
missioners free to spend over and above their
budget allotment the amount which they have
earned in excess of the amount it was anticipated
that they would earn. If you are in need of
any other information relative to this I shall
.be glad to supply it.

"Next Monday September 14th is our Commis-
sioners Court day and if you can possibly send me
an opinion by that date I would greatly appreciate
your doing so."

Article 2372c, Vernon's Annotated Civil Statutes, among other things, authorizes the counties of this State acting through the commissioners' courts of said counties to employ, or permit to be employed, any road, construction or other machinery or road equipment in the service of soil conservation and prevention of soil waste through erosion, whenever in the judgment of the county commissioners' court, entered upon the minutes of the Court, such machinery or equipment is not demanded for the service of building and the upkeep of the roads of the county; and shall provide for compensation to the county road fund, or the road funds of any defined district or authorized subdivision in the county, for such employment of road equipment. In other words, the Commissioners' courts of the various counties have the authority to cooperate with the land owners and tax payers of said counties in all judicious efforts for the preservation of the productiveness of the soil from avoidable waste, and loss of productiveness of agricultural crops necessary to the public welfare, through permission to use the machinery and equipment that may be made available by the county for such purposes under written contract, and the county shall receive from such land owners and taxpayers compensation, upon such uniform basis as may be deemed equitable and proper, for the cooperation extended and services rendered, all such compensation or funds to the county to be paid into the road and bridge fund of the county.

As we understand your request, the money referred to is money earned by the various county commissioners of your county under the above mentioned statute. In preparing the county budget it was estimated that the various commissioners would earn approximately $2000.00 each by the use of the road machinery for the purposes set out in Article 2372c, supra. However, two of the commissioners earned in excess of the amount estimated, therefore, such earnings were not anticipated or set forth in the budget and the question arises whether or not these commissioners are free to spend over and above their budget allotment the amount which they have earned in excess of the amount it was anticipated that they would earn.

Article 689a-9, Vernon's Annotated Civil Statutes, provides for the preparation of the county budget. Article 689a-10, Vernon's Annotated Civil Statutes, provides that when the county judge has completed a budget for the county that a copy of the same should be filed with the clerk of the county, available for the inspection of any taxpayer.

Article 689a-11, Vernon's Annotated Civil Statutes, reads in part as follows:

"* * * When the budget has been finally approved by the commissioners' court, the budget as approved by the court shall be filed with the clerk of the county court, and taxes levied only in accordance therewith, and no expenditures of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the court. Except in emergency expenditures, in case of grave public necessity, to meet unusual and unforseen conditions, which could not, by reasonable diligent thought and attention, have been included in the original budget, may from time to time be authorized by the court as amendment to the original budget. In all cases where such amendments to the original budget are made, a copy of the order of the court amending the budget shall be filed with the clerk of the county court, and attached to the budget originally adopted."

This department has repeatedly ruled that the Commissioners' Court of a county is without authority to make any expenditure of funds of the county except in strict compliance with the budget, except emergency expenditures in case of grave public necessity, as outlined by Section 11 of Article 689a, supra. This department has also repeatedly ruled that Section 20 of Article 689a, Vernon's Annotated Civil Statutes does not authorize the commissioners' court to increase the budget after its adoption and that to hold otherwise would destroy the very purpose of the Act.

We enclose herewith copies of Opinion Nos. 0-1053 and 0-1022 of this department which contain discussions of the budget law.

Opinion No. 0-1053 defines terms "grave" and "public necessity". Opinions Nos. 0-1053 and 0-1022 hold that the question of "grave public necessity" is a fact question to be determined primarily by the commissioners' court.

In view of the foregoing statutes and the facts contained in your inquiry, the above stated question is respectfully answered in the negative.

You are further advised that whether or not the county budget can now be amended in order that the above mentioned funds may be expended depends upon whether or not "grave public necessity" exists, and as above stated, the question of "grave public necessity" is a fact question to be determined primarily by the commissioners' court.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

APPROVED SEPT. 17, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

AW:nw:jrb
Encl.

APPROVED OPINION COMMITTEE
BY BWB, Chairman